■ DONALD W. BULLARD, Respondent-Appellant, v CITY OF FULTON et al., Appellants-Respondents. — Order and judgment unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff, formerly executive director of the City of Fulton Urban Renewal Agency (Agency), has sued defendants as successors of the Agency because of the Agency's alleged failure during the time of plaintiff's employment to take the necessary steps to cause plaintiff to be a noncontributing member of the New York State Retirement System. Special Term has granted in part plaintiff's motion for summary judgment holding that plaintiff's claims for the period of his employment prior to July 28, 1974 were barred by the Statute of Limitations (CPLR 213). Defendants' cross motion for summary judgment was denied. Plaintiff and defendants have appealed. Plaintiff's complaint is based on an oral hiring agreement allegedly made by the Agency chairman and authorized by a resolution unanimously adopted by the Agency board on February 18, 1970. The resolution authorized Chairman Patrick "to

execute a contractual agreement with Mr. Donald Bullard for the position of Executive Director of the Fulton Urban Renewal Agency at an annual salary of $14,000" but makes no reference to the commitment that plaintiff be covered as a noncontributing member of the State Retirement System. No written contract was ever entered into, and there is no reference in the resolution or elsewhere to any memorandum or letter spelling out the terms of plaintiff's employment. The affidavits made on various dates in 1980 by the former member of the Agency board and submitted by plaintiff in support of his motion for summary judgment cannot have the effect of belatedly supplying the authorization for the chairman's oral agreement which was clearly omitted from the resolution duly adopted on February 18, 1970. Without more, plaintiff's action would fail because of the lack of proof that the alleged commitment (to put plaintiff in the State Retirement System) was duly authorized and adopted as an obligation of the Agency. There is, however, evidence in the record that the board did at meetings held in subsequent years adopt resolutions approving budgeted items for contributions to the State retirement fund on behalf of all of the Agency employees including plaintiff. These resolutions could constitute a ratification of the commitment allegedly made on behalf of the Agency by the chairman (see 40 NY Jur, Municipal Corporations, § 818). Whether such resolutions were duly adopted and whether they create a ratification involve factual issues for determination at trial. Accordingly, we reverse the grant of summary judgment in favor of plaintiff. We agree with defendants that plaintiff should not recover if, as defendants claim, it was plaintiff's responsibility as executive director of the Agency to file the necessary application for his membership in the State Retirement System because in that event, the Agency's failure and its alleged breach of contract would have resulted from plaintiff's own neglect and breach of duty. The question of whose duty it was to file the necessary application involves another factual dispute which must be resolved at trial. For this reason, defendants' cross motion was properly denied. We disagree with Special Term's holding that the Statute of Limitations would bar any recovery by plaintiff for years of service with the Agency prior to July 28, 1974. The Agency became a participating member of the State Retirement System in January, 1975. An application for membership in the system on plaintiff's behalf could have been filed at any time after January, 1975 until plaintiff's retirement on December 31, 1977, and if this had been done, plaintiff would have been credited for all of his years of service with the Agency (see Retirement and Social Security Law, § 41, subd b, par 3). The alleged breach could be said to have occurred as late as plaintiff's last day of employment, December 31, 1977, a time well within the statutory period. If it is found that defendants are liable for the Agency's failure to place plaintiff in the State Retirement System prior to the termination of his service, his damages could include the loss of his membership in the system for the entire period of his employment. (Appeals from order and judgment of Supreme Court, Oswego County, J. O'C. Conway, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Boomer, Green and Schnepp, JJ.